**In re Wilson E. BROWN, Jr., Debtor.**

**Bankruptcy No. SAX 89–06015JB.**

United States Bankruptcy Court, C.D. California.

Dec. 27, 1989.

Bruce R. Fink, Santa Ana, Cal., for debtor.

William A. Gray, Staff Atty. for Chapter 13 Trustee, Santa Ana, Cal.

## MEMORANDUM OF DECISION

JAMES N. BARR, Bankruptcy Judge.

### FACTS

The Debtor, Brown filed a Chapter 13 petition, schedules and plan on September 25, 1989. The Chapter 13 Trustee has objected to confirmation of the plan on the basis that the secured claims will not be paid interest over the term of the plan. All other requirements for plan confirmation have been met and the Trustee's objection remains the sole impediment to plan confirmation.

### DISCUSSION

I. *Does the Trustee have standing to object to confirmation of the plan on behalf of holders of secured claims?*

■ Section 1325 of the Code states:
(a) Except as provided in subsection (b), the court shall confirm a plan if— ...
(5) with respect to each allowed secured claim provided for by the plan—
(A) the holder of such claim has accepted the plan;
(B)(i) the plan provides that the holder of such claim retain the lien securing such claims; and (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claims; or
(C) the debtor surrenders the property securing such claim to such holder.

The Trustee objects to plan confirmation because § 1325(a)(5)(B) has not been satisfied. Debtor's counsel admits that fact, but asserts that the Trustee has no standing to object to confirmation on that ground, and that the plan should be confirmed in any event because the holders of secured claims have not objected to confirmation.

A comparison of the language of subsections § 1325(a)(5) and § 1325(b) reveals that Congress did not intend to allow the Trustee to object to confirmation of a plan on the grounds asserted here. Section 1325(b)(1) states that the Trustee or holders of allowed *unsecured* claims may object to confirmation of the plan if certain criteria pertaining to unsecured claims are not satisfied. Contrariwise, § 1325(a)(5) dealing with secured claims, makes no provision for objections to plan confirmation by the Trustee on any grounds. The primary purpose of statutory construction is to ascertain Congressional intent. *In re Cecchini* 780 F.2d 1440, 1442 (9th Cir.1986). Settled principles of statutory construction

require giving "effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979). The words of a statute are to be given their plain meaning whenever possible. *In re Thomas*, 765 F.2d 926, 931 (9th Cir.1985). When Congress intended that the Trustee be allowed to object to confirmation, it explicitly so provided.

Additionally, if the Trustee has standing to object here, the independent alternative bases for confirmation set forth in § 1325(a)(5)(A) and (C) lose their significance. An "elementary canon of construction [is] that a statute should be interpreted so as not to render one part inoperative." *Colautti v. Franklin*, 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (1979). If holders of allowed secured claims have accepted the plan, § 1325(a) has been satisfied. Whether the provisions of § 1325(a)(5)(B) have also been complied with then becomes irrelevant.

As noted below, I have determined that creditors who do not object to confirmation of a Chapter 13 plan, have accepted it, and there is no indication that Congress intended that the Trustee be empowered to thwart the effect of acceptance. If a holder of a secured claim objects to confirmation, then the plan may be confirmed over that creditor's objection if the plan fulfills the requirements of § 1325(a)(5)(B) or (C) [assuming the plan meets all other requirements]. Again, Congress did not express an intent to give the Trustee the right to further impede that process, and I find no such intent.

Thus, I find that with respect to allowed secured claims, the Chapter 13 Trustee does not have standing to object to confirmation of a plan on grounds that said claims will not be paid interest.

II. *Must the Debtor's plan be confirmed?*

■ Section 1325(a)(5) is satisfied, and I must confirm the plan, if holders of allowed secured claims have accepted the plan. I have concluded that failure to object to confirmation of a Chapter 13 plan is deemed acceptance. In that regard, I con-

cur with the court's reasoning in, *In re Szostek*, 886 F.2d 1405 (3rd Cir.1989). As no mechanism for plan acceptance by creditors exists in a Chapter 13 case (unlike in a Chapter 11 case where the creditors may vote for plan confirmation), acceptance is implied when an objection is not raised. Here, no objection by a holder of an allowed secured claim was raised and acceptance is therefore presumed.

Finding that all required elements have been met, I shall confirm the plan as proposed.

The Chapter 13 Trustee is instructed to prepare and file a confirmation order forthwith.