In re William ANDREWS and
Elena Andrews, Debtors.

William ANDREWS and Elena
Andrews, Appellants,

v.

Lawrence J. LOHEIT, Standing Chapter
13 Trustee, Appellee.

BAP No. EC–93–1120–RMeO.

Bankruptcy No. 92–21755–A–13.

United States Bankruptcy Appellate Panel,
of the Ninth Circuit.

Argued and Submitted May 19, 1993.

Decided July 1, 1993.

Andrew M. Henderson III, Fair Oaks, CA, for William & Elena Andrews.

Yvonne N. Aldama, Sacramento, CA, for Lawrence J. Loheit, Trustee.

Before: RUSSELL, MEYERS and OLLASON, Bankruptcy Judges.

RUSSELL, Bankruptcy Judge:

The bankruptcy court sustained an objection by the Chapter 13 trustee to the confirmation of the debtors' Chapter 13 plan of reorganization. Although numerous issues are raised in this appeal, the sole basis for denial of confirmation by the bankruptcy court was that the plan provided for payments extending over a period longer than three years without court approval as required under § 1322(c). We AFFIRM.

## I. FACTS

Debtor/Appellants William and Elena Andrews (the "Andrews") filed their Chapter 13 [1] petition concurrently with their Plan of Reorganization on February 28, 1992.

---

**1.** Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

The Andrews' schedules listed four secured creditors with claims totalling $161,064.00, of which $13,933.00 was to be disbursed by the Chapter 13 Trustee ("Trustee"), Lawrence J. Loheit. The remainder, which was the amount due on Debtors' mortgage with Beneficial California, Inc., ("Beneficial"), would be paid directly by the Andrews. A mortgage arrearage of $5,664.00 was also owed to Beneficial. Additionally, the schedule showed the following obligations: $6,700.00 owed to General Motors Acceptance Corporation ("GMAC") for a Chevrolet Astro van, $869.00 owed to Montgomery Ward for a washer and dryer, and $700.00 owed to Bank of America for a Mazda pickup truck.

The Plan proposed monthly payments of $396.00 over 60 months which would pay 27 percent of the allowed non-priority unsecured claims, and would pay the secured creditors through a pro-rata share. No regular monthly payment was proposed to any creditor. The creditors with smaller claims could not receive payments each month because the Trustee's distribution system would not distribute any amount under $15.00.

The § 341(a) meeting of creditors was held May 28, 1992. No creditors objected to the plan. However, the Trustee suggested modifications to the plan which changed the manner of distribution to the secured creditors. These modifications, the Trustee argued, were necessary for a reasonable cure of the mortgage arrearage and for a distribution in which the smaller secured claims would receive adequate protection. The Andrews rejected the modifications because no secured creditors had objected to the original plan.

On June 24, 1992, the Trustee filed a Notice of Intent to Deny Confirmation and Dismiss Case, arguing *inter alia* that the secured creditors would not receive adequate protection because it would take 45 months to cure the mortgage arrearage in violation of § 1322. The Trustee filed a brief citing the same reasons on August 12, 1992.

On September 1, 1992, the Andrews filed an opposition to the Trustee's objection, arguing that the Trustee does not have standing to object to the confirmation on behalf of secured creditors and that the Andrews' Plan complies with § 1322 and § 1325. The Bankruptcy Court sustained the Trustee's objection, finding only that: 1.) the Trustee had standing to object; and, 2.) that the Plan may not provide for payments for more than three years without court approval, for cause, which the court did not give in this case. The Andrews appeal. We AFFIRM.

## II. ISSUES

1.) Whether the bankruptcy court erred in allowing the Chapter 13 trustee standing to object to the confirmation of the debtors' Chapter 13 plan.

2.) Whether the Chapter 13 trustee operates as a fiduciary to the unsecured creditors, thereby creating a conflict of interest when objecting to the treatment of secured claims.

3.) Whether the bankruptcy court erred in denying confirmation where plan payments extended, without court approval, beyond the three year period required under § 1322(c).

## III. STANDARD OF REVIEW

The confirmation of a Chapter 13 plan involves mixed questions of fact and law. Factual determinations are reviewed under the clearly erroneous standard, while determinations of law are reviewed *de novo*. *In re Warren*, 89 B.R. 87, 90 (9th Cir.BAP 1988). The questions presented here are reviewed *de novo* because they primarily involve the interpretation of statutory provisions. *Id. See In re Klein*, 57 B.R. 818, 819 (9th Cir.BAP 1985); *In re Howell*, 638 F.2d 81, 82 (9th Cir.1980).

## IV. DISCUSSION

1. *Section 1302(b) confers standing to object.*

The Chapter 13 trustee has standing to object to the confirmation of a plan which does not meet requirements for confirmation. Section 1302(b)(2) provides that the trustee shall appear and be heard at

any hearing that concerns the confirmation of a plan:

§ 1302. **Trustee.**

(b) The trustee shall—

. . . . .

(2) appear and be heard at any hearing that concerns—

(A) the value of property subject to a lien;

(B) confirmation of a plan; or

(C) modification of the plan after confirmation;

§ 1302. The plain meaning of this section requires that the trustee be heard on any matter relating to plan confirmation. Whether a Chapter 13 plan satisfies the requirements for plan confirmation certainly falls within the language of this section.

The trustee in a Chapter 13 case is charged with a number of duties pursuant to the bankruptcy code including the duties specified in § 704(2), (3), (4), (5), (6), (7) and (9), relating to information, accountability, investigation, objection to claims and objection to discharge. *See* § 1302(b)(1). It would be wholly inconsistent to saddle the trustee with such a wide range of duties and yet deny the trustee a voice at the plan confirmation hearing. The duty to appear and be heard under § 1302(b)(2)(B) encompasses the duty to review plans for compliance with confirmation requirements and to make a recommendation to the court on confirmation. *In re Foulk*, 134 B.R. 929, 931 (Bankr.D.Neb.1991) (holding that a Chapter 13 trustee has a duty under § 1302(b)(2)(B) to review plans for compliance to determine if all requirements for confirmation are met).

The Andrews assert that the only basis for the Chapter 13 Trustee to object to confirmation appears under § 1325(b)(1) which pertains to unsecured claims. They argue that a comparison between § 1325(b)(1), which specifically provides for objection by the trustee, and § 1325(a)(5), which does not mention the trustee, indicates an intent by Congress to limit the ability of the trustee to object to only the enumerated instances. We disagree. We acknowledge, however, that there is at least one case that recognizes this construction. *See In re Brown*[2], 108 B.R. 738, 739 (Bankr.C.D.Cal.1989) (holding that a Chapter 13 trustee could not object under § 1325(a)(5)).

However, § 1325(b) can also be read to mean that Congress intended merely to limit the objections under § 1325(b)(1) to a restricted class, including only the Chapter 13 trustee and unsecured creditors, where other sections, such as § 1325(a)(5) are not so restricted. We believe this to be the better reading.

Section § 1325(b) was amended[3] by Congress to separate the determination of whether a plan has been proposed in "good faith" from issues concerning the adequacy of amounts to be paid to unsecured creditors:

The new amendment thus clarifies that the "good faith" standard of section 1325(a)(3) does not set any minimum amount or percentage of payments that must be made to unsecured creditors....

The language of the provision and legislative history makes clear that, unlike the confirmation standards of section 1325(a), the ability-to-pay test may not be raised by the court *sua sponte*, nor may it be raised by the holder of only a se-

---

**2.** "A comparison of the language of subsections § 1325(a)(5) and § 1325(b) reveals that Congress did not intend to allow the Trustee to object to confirmation of a plan on the grounds asserted here. Section 1325(b)(1) states that the Trustee or holders of allowed *unsecured* claims may object to confirmation of the plan if certain criteria pertaining to unsecured claims are not satisfied. Contrariwise, § 1325(a)(5) dealing with secured claims, makes no provision for objections to plan confirmation by the Trustee on any grounds." *In re Brown, supra,* at 739 (emphasis in original).

**3.** Section 1325 was amended by adding a new subsection (b) via § 317 of the Consumer Credit Amendments within the Bankruptcy Amendments and Federal Judgeship Act of 1984. This amendment requires a debtor to apply all projected disposable income to make payments under the plan or be subject to objection by only the trustee or the holder of an allowed unsecured claim.

cured claim or the holder of a claim which has not been allowed.... .

5 *Collier's on Bankruptcy,* ¶ 1325.08 at 1325–53 to 54, 1325–56 to 57. (15th ed. 1992). Bankruptcy courts have held that § 1325(b)(1) simply operates to restrict those who may object to a Chapter 13 plan under that section. *See, e.g., In re Compton,* 88 B.R. 166, 168 (Bankr.S.D.Ohio 1988) (holding that a secured creditor could not object to plan confirmation under § 1325(b)); *In re Smith,* 100 B.R. 436, 439 (S.D.Ind.1989) (holding that neither the bankruptcy court nor secured creditor could object to plan confirmation under § 1325(b)); *In re Davis,* 68 B.R. 205, 208–209 (Bankr.S.D.Ohio 1986) (holding that the bankruptcy court could not *sua sponte* raise issues under § 1325(b) absent an objection from an unsecured creditor); *In re Tracey,* 66 B.R. 63, 65 (Bankr.D.Md.1986) (holding that neither a secured creditor nor bankruptcy court could raise an objection under 1325(b)(1)); *Matter of Eaton,* 130 B.R. 74, 77 (Bankr.S.D.Iowa 1991) (holding that the U.S. Trustee did not have standing to object under § 1325(b)(1)).

The bankruptcy court in *In re Smith,* stated:

> Congress amended § 1325 in 1984 and added a new subsection (b) to address certain specific issues. Since the amendment, issues such as the amount of disposable income to be applied to debts are governed by § 1325(b), and under the express language of this subsection, only the trustee or the holder of an allowed *unsecured* claim may raise the issue by way of objection.

*Smith,* 100 B.R. at 439. Similarly, the bankruptcy court in *Davis* made clear that the express language of § 1325(b) "evidences a specific Congressional determination that the requirement for compliance with the standards of this section can only be raised by a restricted class of claimants." *Davis,* 68 B.R. at 210.

As the cases make clear, the Congressional intent behind § 1325(b) was only to limit those who may object under that subsection. No mention is made of an intent to modify the ability of other parties to object under other subsections such as § 1325(a)(5). Nothing in the legislative history of the amendments that added § 1325(b) suggests an intent to deny standing to object under any other subsection other than § 1325(b). Such a reading would extend the amendment beyond what Congress sought to remedy. We decline to make such an extension. We hold that the Chapter 13 trustee has standing to raise an objection to confirmation under § 1325(a)(5).

2. *No conflict of interest is created by objection to the treatment of a secured claim.*

■ The Andrews argue that the Chapter 13 Trustee owes its duties to the unsecured creditors and that by objecting "on behalf of" the secured creditors, the Trustee creates a conflict of interest. We disagree.

The Chapter 13 Trustee's duties do not exist solely to protect the interest of the unsecured creditors. In accordance with § 1302, the Trustee's duties exist to protect the assets of the estate and run well beyond that of just the unsecured creditors. Those duties are broad, and as noted before, encompass duties involving the administration of the estate. The Chapter 13 trustee is not merely a fiduciary of the unsecured creditors as the Andrews argue, and thus there is no conflict of interest.

3. *A Chapter 13 plan that contemplates payments beyond three years without court approval for cause violates § 1322(c).*

The Chapter 13 Trustee objected to the confirmation of the Andrews' Chapter 13 plan on the basis that, *inter alia:* (1) the plan does not comply with all applicable provisions of the Code pursuant to § 1325(a)(1); (2) the plan does not provide adequate protection to the two smaller secured creditors pursuant to § 361; and, (3) the plan takes an unreasonably long time to cure the default on the Beneficial claim pursuant to § 1322(b)(5). Specifically, for the Beneficial secured claim, the plan will take 33 months to cure mortgage arrearag-

es, and for the GMAC secured claims, the plan takes 45 months to pay off the vehicle securing the GMAC loan, thereby not providing GMAC with adequate protection.

 Since § 1322(c) states that no plan may provide for payments over a period longer than three years without the court's approval for cause, the Trustee asserts that 45 months constitutes an unreasonable length of time. The court denied confirmation solely on the basis that no approval was obtained for a payment period of longer than three years. Whether or not to allow the plan to extend such payments beyond the three year period is a matter left to the discretion of the bankruptcy court. No facts are offered to show why such an extension is justified or why the bankruptcy court erred by not granting such an extension. The bankruptcy court did not abuse its discretion in declining to extend this period. Therefore, the Andrews' plan violates § 1322(c). This basis alone is sufficient reason for the denial of confirmation. We need not address the other objections.

## V. CONCLUSION

The Chapter 13 Trustee has standing to object to the confirmation of the plan under § 1325(a)(5). The bankruptcy court did not err in denying confirmation of the debtor's Chapter 13 plan because the plan proposed payments beyond three years in contravention of § 1322(c). Accordingly, we AFFIRM.