In re William ANDREWS; Elana Andrews, Debtors.

William ANDREWS; Elana Andrews, Appellants,

v.

Lawrence J. LOHEIT, Chapter 13 Trustee, Appellee.

No. 93–16632.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 1995 *.

Decided March 8, 1995.

---

* The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34–4.

Andrew M. Henderson, Fair Oaks, CA, for appellants.

Yvonne N. Aldama, Sacramento, CA, for appellee.

Before: TANG, and O'SCANNLAIN, Circuit Judges, and ROBERT R. MERHIGE, Jr.,** District Judge.

TANG, Senior Circuit Judge:

Appellants filed a plan of reorganization to which only the Chapter 13 trustee objected. No secured creditors objected. The bank-

** Honorable Robert R. Merhige, Jr., Senior United States District Judge for the District of Virginia, sitting by designation.

ruptcy appellate panel ("BAP") held that a Chapter 13 trustee had standing to object to confirmation of a plan under § 1325(a)(5) of the Bankruptcy Code.[1] We have jurisdiction under 28 U.S.C. § 158(d) and we affirm. We hold that the trustee had standing to object under 11 U.S.C. § 1325(a)(1) rather than § 1325(a)(5).

## I.

William and Elena Andrews, debtors, filed their Chapter 13 petition concurrently with their plan of reorganization on February 28, 1992 ("plan"). The Andrews' schedules listed four secured creditors with claims totalling $161,064, of which $13,933 was to be disbursed by the Chapter 13 trustee. The remainder, which was the amount due on the Andrews' mortgage with Beneficial California, Inc., ("Beneficial") would be paid directly by the Andrews. The Andrews also owed to Beneficial a mortgage arrearage of $5,664. In addition, the Andrews owed $6,700 to General Motors Acceptance Corporation, $869 to Montgomery Ward, and $700 to Bank of America.

The plan proposed monthly payments of $396 over 60 months which would pay 27 percent of the allowed non-priority unsecured claims and would pay the secured creditors through a pro-rata share. No regular monthly payment was proposed to any creditor. The creditors with smaller claims could not receive payments each month because the trustee's distribution system would not distribute any amount under $15.

A meeting of creditors, pursuant to 11 U.S.C. § 341(a), was held May 28, 1992. No creditors objected to the plan. The Chapter 13 trustee ("trustee"), however, suggested modifications to the plan that changed the manner of distribution to the secured creditors. The trustee argued these modifications were necessary, *inter alia*, to provide a distribution in which the smaller secured claims would receive adequate protection. The An-

drews rejected the modifications because no secured creditors had objected to the original plan.

On June 24, 1992, the trustee filed a Notice of Intent to Deny Confirmation and Dismiss the Case, arguing in part that the secured creditors would not receive adequate protection. On September 1, 1992, the Andrews filed an opposition to the trustee's objection, arguing that the trustee does not have standing to object to the confirmation on behalf of secured creditors and that the Andrews' plan complied with the Bankruptcy Code. The bankruptcy court found, *inter alia*, that the Chapter 13 trustee had standing to object. The bankruptcy appellate panel affirmed, finding that the trustee had standing to object under 11 U.S.C. § 1325(a)(5).[2]

■ We review the bankruptcy appellate panel's decision *de novo*. *In re Johnston*, 21 F.3d 323, 326 (9th Cir.1994). We hold that the trustee had standing to object under 11 U.S.C. § 1325(a)(1).

## II.

■ The Chapter 13 trustee has standing to object to a plan that does not meet the requirements for confirmation. Section 1302(b) of the Bankruptcy Code states:

The trustee shall—

(1) perform the duties specified in sections 704(2), 704(3), 704(4), 704(5), 704(6), 704(7), and 704(9) of this title;

(2) appear and be heard at any hearing that concerns—

(A) the value of property subject to a lien;

(B) confirmation of a plan; or

(C) modification of the plan after confirmation;

11 U.S.C. § 1302(b). The plain language of § 1302(b)(2) confers standing to object to

---

1. The BAP's decision is reported in *In re Andrews*, 155 B.R. 769 (9th Cir. BAP 1993).

2. The BAP also affirmed the bankruptcy court's findings that the plan, in addition to not providing adequate protection, violated 11 U.S.C.

§ 1322 because the plan provided payments for more than three years without court approval for cause. Subsequent to this appeal, the 11 U.S.C. § 1322 violation has been cured and is not at issue.

confirmation of a plan because § 1302(b)(2) requires a trustee to "appear and be heard at any hearing" that concerns the "confirmation of a plan." *See, e.g., In re Erwin*, 10 B.R. 138, 139 (Bankr.D.Colo.1981) ("[T]he clear language requiring the trustee to be 'heard' concerning confirmation leads to the inescapable conclusion that the trustee is a 'party in interest' with standing to object to confirmation.").

We now turn to 11 U.S.C. § 1325 because it sets forth the requirements for confirmation of a plan. Subsection (a) of § 1325 states:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;

. . . . .

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder;

. . . .

Subsection (b) of § 1325 states:

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

Appellants argue that because a Chapter 13 trustee's "primary obligation" is to unsecured creditors, the Chapter 13 trustee does not have standing to object to confirmation on behalf of secured creditors under § 1325(a)(5). Appellants' note that subsection 1325(b)(1), which deals with unsecured creditors, specifically makes reference to the trustee, whereas subsection 1325(a)(5), which deals with secured creditors, does not. In support of their argument, appellants cite *In re Brown*, 108 B.R. 738 (Bankr.C.D.Cal. 1989), in which the court held:

A comparison of the language of subsections § 1325(a)(5) and § 1325(b) reveals that Congress did not intend to allow the Trustee to object to confirmation of a plan on the grounds asserted here. Section 1325(b)(1) states that the Trustee or holders of allowed *unsecured* claims may object to confirmation of the plan if certain criteria pertaining to unsecured claims are not satisfied. Contrariwise, § 1325(a)(5) dealing with secured claims, makes no provision for objections to plan confirmation by the Trustee on any grounds.

*Id.* at 739.

Appellants' arguments mischaracterize the issue. The issue is not whether a Chapter 13 trustee has standing to object solely under § 1325(a)(5), but whether a Chapter 13 trustee has standing to object to a plan that fails to meet *all* the requirements necessary for confirmation. Contrary to appellants' contention, the primary purpose of the Chapter 13 trustee is not just to serve the interests of the unsecured creditors, but rather, to serve the interests of all creditors. *See Matter of Maddox*, 15 F.3d 1347, 1355 (5th Cir.1994) (stating that "the chapter 13 trustee serves the interests of *all* creditors....") (emphasis added). This court recently held that in order for a plan to be

confirmed, "*each* of the requirements of section 1325 must be present...." *In re Barnes,* 32 F.3d 405, 407 (9th Cir.1994) (emphasis added). Thus, in reviewing the plan for confirmation, the Chapter 13 trustee may object if the plan fails to conform to all requirements in the Bankruptcy Code, not just § 1325(a)(5). *See, e.g., Matter of Foulk,* 134 B.R. 929, 931 (Bankr.D.Neb.1991) ("In order to have a reasoned recommendation about confirmation it is necessary for the trustee to review the plan for *compliance with the Bankruptcy Code.*") (emphasis added).

 Here, the Chapter 13 trustee objected to appellants' plan because, *inter alia,* the plan failed to meet the requirements of § 1325(a)(1), which states that the plan must "compl[y] with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1). The trustee argued that the plan failed to comply with the adequate protection requirement under 11 U.S.C. § 361 of the Bankruptcy Code because creditors with smaller claims would not receive payments each month. *In re Brown* is thus distinguishable because here, the trustee is objecting to plan confirmation under § 1325(a)(1), not § 1325(a)(5). Moreover, appellants do not contend that the Chapter 13 trustee has no standing under § 1325(a)(1). Appellants simply argue that the Chapter 13 trustee does not have standing under § 1325(a)(5). This argument does not advance appellants' position, however, because as noted above, all requirements of § 1325 must be satisfied, not just §. 1325(a)(5). *In re Barnes,* 32 F.3d at 407.

 Even if appellants' argument were construed to apply to § 1325(a)(1), the appellants would lose. Denying the Chapter 13 trustee standing to object when the plan fails to "compl[y] with the provisions of this chapter and with the other applicable provisions of this title," 11 U.S.C. § 1325(a)(1), is inconsistent with the express language of the code and the purpose of the Chapter 13 trustee.

Section 1302(b) specifically states that "the trustee shall ... appear and be heard at any hearing that concerns ... confirmation of a plan." 11 U.S.C. § 1302(b). The trustee's requirement to "appear and be heard" at a confirmation hearing would be illusory if the trustee could not object when the plan fails to comply with "the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1). Settled principles of statutory construction require giving "effect, if possible, to every word Congress used." *See Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979). Section 1302(b)'s requirement that the trustee shall "appear and be heard" would be rendered meaningless if the Chapter 13 trustee, at the confirmation hearing, could not object when the plan fails to comply with the Bankruptcy Code.

 Moreover, the Chapter 13 trustee is saddled with a wide range of powers and duties. *See Matter of Maddox,* 15 F.3d 1347, 1355 (5th Cir.1994) ("When we examine § 1302 closely, we discern that Congress has given the chapter 13 trustee a broad array of powers and duties."). As noted by the BAP in this case, some of these duties include "the duties specified in § 704(2), (3), (4), (5), (6), (7) and (9), relating to information, accountability, investigation, objection to claims and objection to discharge." *In re Andrews,* 155 B.R. at 771. It thus would be inconsistent to provide the trustee with such a broad array of powers and duties and yet deny the trustee standing to object at the confirmation hearing when the plan fails to comply with the Bankruptcy Code.

 The addition of subsection 1325(b)(1) by Congress in 1984 [3] does not deprive standing to Chapter 13 trustees under § 1325(a)(1). Section 1325(b)(1)'s initial phrase—"[i]f the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan"—can be read to mean that Congress intended merely to limit the objections under § 1325(b)(1) to a restricted

---

**3.** Subsection 1325(b)(1) was added via § 317 of the Consumer Credit Amendments within the

Bankruptcy Amendments and Federal Judgeship Act of 1984. *In re Andrews,* 155 B.R. at 771 n. 3.

class, but not that the amendment somehow restricts the rest of § 1325, including § 1325(a)(1). Indeed, the express language of § 1325 makes clear that subsection (a) and subsection (b) are analytically distinct. Section 1325 states, "(a) *Except* as provided in subsection (b),...." 11 U.S.C. § 1325 (emphasis added). Moreover, as the BAP noted, "nothing in the legislative history of the amendments that added § 1325(b) suggests an intent to deny standing to object under any other subsection other than § 1325(b)." *In re Andrews,* 155 B.R. at 772. In addition, "no mention is made of an intent to modify the ability of other parties to object under other subsections," such as § 1325(a)(1). *See id.* We agree with the BAP that such a reading would "extend the amendment beyond what Congress" intended. *Id.*

■ We thus conclude that a Chapter 13 trustee has standing to object to plan confirmation under 11 U.S.C. § 1325(a)(1). The BAP, however, held that a Chapter 13 trustee has standing under § 1325(a)(5). Under the facts of this case, we find it problematic to confer standing under § 1325(a)(5).

Section 1325(a)(5) states:

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; **or**

· (C) the debtor surrenders the property securing such claim to such holder[.]

The "or" disjunctive suggests that § 1325(a)(5) can be fulfilled if subsection (A) or (B) or (C) are fulfilled. *See, e.g., In re Szostek,* 886 F.2d 1405, 1412 (3rd Cir.1989) (stating that "[w]here acceptance under [§ 1325(a)(5)(A) ] exists, the requirement for present value need not be satisfied, since only one of the three requirements of § 1325(a)(5) need be met"); *In re Brown,* 108 B.R. at 740 (noting that § 1325(a)(5)(A), (B), and (C) are "independent alternative bases for confirmation").

■ Here, § 1325(a)(5) is fulfilled because subsection (A) was satisfied when the holders of the secured claims failed to object. In most instances, failure to object translates into acceptance of the plan by the secured creditor. *See Matter of Gregory,* 705 F.2d 1118, 1121 (9th Cir.1983) (stating that the creditor's "failure to raise [the] objection at the confirmation hearing ... should preclude its attack on the plan...."); *In re Szostek,* 886 F.2d at 1406 (same); *see also In re Brown,* 108 B.R. at 740 (stating that "[a]s no mechanism for plan acceptance by creditors exists in a chapter 13 case (unlike in a Chapter 11 case where the creditors may vote for plan confirmation), acceptance is implied when an objection is not raised"). The acceptance by the secured creditors here satisfies § 1325(a)(5)(A) and renders the issue of Chapter 13 trustee standing under § 1325(a)(5) irrelevant. Even if the Chapter 13 trustee had standing to object under § 1325(a)(5)(B) or (C), it would not matter because § 1325(a)(5) was satisfied when the secured creditors failed to object under § 1325(a)(5)(A). Because we find it problematic to confer standing in this instance under § 1325(a)(5), we affirm on the basis that the Chapter 13 trustee has standing to object under § 1325(a)(1).

AFFIRMED.