**In re Darrell Joseph WEGSCHEID, Debtor.**

**No. 0:03–bk–00926–RJH.**

United States Bankruptcy Court, D. Arizona.

Jan. 29, 2007.

Gregory A. Ring, Law Offices of Gregory A. Ring, Bullhead City, AZ, for Debtor.

Lance R. Broberg, for Irwin Home Equity.

## OPINION

RANDOLPH J. HAINES, Bankruptcy Judge.

May a Chapter 13 plan provide for the avoidance of a wholly undersecured lien on a debtor's principal residence, and does the confirmation of the plan have res judicata effect if a creditor fails to object to the plan? This Court concludes that a lien on a debtor's principal residence may be avoided if there is zero equity in the property to secure the claim, and that a confirmed Chapter 13 plan is binding on the creditor.

**Factual Background**

 Debtor Darrell Wegscheid filed for relief under Chapter 13. The Debtor scheduled his residential property as having a fair market value of $72,500 and subject to a first lien in the amount of

$74,525. Irwin Home Mortgage ("Irwin") holds a secured second lien on the property in the amount of $34,426. Irwin filed a proof of claim stating that it held a secured interest in the Debtor's residential property and therefore its lien could not be avoided or "stripped off" from the Debtor's property.[1] The Debtor filed a timely objection to Irwin's proof of claim asserting that there was no equity left in the Debtor's property to extend to Irwin's second lien, and therefore Irwin's claim was unsecured. Despite receiving notice of the Debtor's objections to its proof of claim, Irwin did not respond.[2]

The Debtor's Chapter 13 plan provided that Irwin's $34,426 second lien would be treated as a general unsecured claim and discharged upon completion of the plan due to the absence of equity in the Debtor's residential property to secure Irwin's claim.[3] Irwin did not object to the plan prior to its confirmation by this Court, nor did it appeal the confirmation order. Debtor completed all plan payments and obtained his discharge. Debtor then moved to avoid the lien.[4] Irwin objected to the motion to avoid the lien arguing that the provision in the confirmed Chapter 13 plan purporting that there was no equity in the residence to secure Irwin's lien was unsubstantiated, and that Irwin had not stipulated to the confirmation order. Irwin has requested this Court to hold a hearing to demonstrate that there is sufficient equity in the property to secure its claim. Debtor responds that Irwin had a full and fair opportunity to obtain a valuation hearing by either responding to the Debtor's objection to Irwin's proof of claim or by objecting to the confirmation of the Chapter 13 plan. Therefore, Debtor argues, Irwin is bound to the terms of the confirmed Chapter 13 plan.

## Analysis

A Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debt-

---

1. The term "strip off" refers to the complete removal of a lien on the debtor's property through the confirmation of a plan. Another similar term is "strip down," which refers to the reduction of the amount of a lien. Strip down ordinarily occurs by virtue of 11 U.S.C. § 506(a), which provides that a claim is secured only to the extent of the value of the estate's interest in the property securing the claim, but in a Chapter 13 case 11 U.S.C. § 1322(b)(2) prohibits the modification of the rights of a holder of a claim secured by the debtor's principal residence. Except as otherwise noted, all references to the Bankruptcy Code are to 11 U.S.C. §§ 101 *et seq.*

2. Local Rule 3007–1(a) & (b) provide that if proper notice is given and the creditor does not respond within 15 days to an objection to its claim, "the objecting party may lodge an order with the court sustaining the objection." This local rule may itself be dispositive of all the issues before the Court, but not if it were inconsistent with the Bankruptcy Code or the Bankruptcy Rules.

3. The Debtor's plan provided in paragraph II(2)(f): "The debt owed to Irwin Home Equity Account No. 50004726 is a 2nd Mortgage of debtor's residence. There is no equity in the residence to secure Irwin Home Equity's debt as shown in the attached appraisal. Therefore, this debt will be treated as a general unsecured debt and the lien will be avoided. The lien shall survive until discharge at which time Irwin Home Equity shall release the lien or risk violation the discharge order."

4. Essentially the Debtor seeks a comfort order stating that Irwin's lien on the property has already been avoided as a result of confirmation and consummation of the Chapter 13 plan. Arguably this motion is a request for a declaratory judgment that requires an adversary proceeding pursuant to Bankruptcy Rule 7001. Because Irwin objects only on the merits, however, the Court deems this procedural objection to be waived.

or's principal residence." [5] The Ninth Circuit has held that § 1322(b)(2) does not prohibit the modification of the rights of holders of such claims that are wholly undersecured pursuant to Code § 506(a) because there is no equity in the property securing the claim.[6] The Ninth Circuit concluded that although the Supreme Court held in *Nobelman*[7] that § 1322(b)(2) does not allow the undersecured portion of a partially secured creditor's claim on a debtor's personal residence in a Chapter 13 to be removed or "stripped off," this holding does not apply to creditors with wholly unsecured claims.[8] The Ninth Circuit reasoned that extending *Nobelman's* interpretation of § 1322(b)(2) to wholly unsecured claims would conflict with the provisions of the Code that allow for the discharge of unsecured claims.[9] Several other opinions have reached the same conclusion.[10]

Here, the Debtor's Chapter 13 plan clearly stated that there was no equity remaining in the property to secure Ir-

win's claim of $34,426 because the superior first lien amounted to $74,525, and the value of the Debtor's residence was only $72,500. If these values are binding on Irwin, then Irwin does not hold a secured claim under *Lam*.

The Ninth Circuit has held that the confirmation of a Chapter 13 plan should be given res judicata effect,[11] and that the failure of a creditor to object to confirmation of a plan precludes the creditor from subsequently challenging the provisions of the plan.[12]

*Pardee* is controlling here. Having failed to object to a plan that clearly and unequivocally stated its lien was wholly unsecured and therefore modifiable, Irwin cannot now challenge that plan provision.

There is a split among the circuits on this issue, because the Fifth Circuit holds that a Chapter 13 plan may have the res judicata effect of reducing or eliminating a creditor's secured claim only if the debtor had filed an objection to the creditor's

5. Code § 1322(b)(2).

6. *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36, 41 (9th Cir. BAP 1997).

7. *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993).

8. 211 B.R. at 40.

9. *Id.* at 37.

10. *E.g., Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220 (9th Cir.2002); *McDonald v. Master Financial, Inc.*, 205 F.3d 606 (3rd Cir.1999); *In re Ives*, 289 B.R. 726(Bankr.D.Ariz.2003); *In re Plouffe*, 157 B.R. 198 (Bankr.D.Conn.1993); *In re Williams*, 161 B.R. 27 (Bankr.E.D.Ky.1993); *In re Lee*, 161 B.R. 271 (Bankr.W.D.Okla. 1993).

11. Actually the correct term for the applicable principle is "issue preclusion." Christopher Klein, Lawrence Ponoroff & Sarah Borrey,

*Principles of Preclusion and Estoppel in Bankruptcy Cases*, 79 AM. BANKR.L.J. 839, 843 (2005), citing *New Hampshire v. Maine*, 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) and RESTATEMENT (SECOND) OF JUDGMENTS (1982).

12. *Great Lakes Higher Education Corp. v. Pardee (In re Pardee)*, 193 F.3d 1083 (9th Cir. 1999) (a confirmed plan will be recognized as final even if the provisions of the plan would not be permitted by the Code); *Trulis v. Barton (In re Trulis)*, 107 F.3d 685 (9th Cir.1995) (once a plan is confirmed it has res judicata effect on all parties and questions pertaining to the plan); *Andrews v. Loheit (In re Andrews)*, 49 F.3d 1404 (9th Cir.1995) (the failure to object to the confirmation of a plan by a secured creditor is acceptance of the plan); *Lawrence Tractor Co. v. Gregory (In Matter of Gregory)*, 705 F.2d 1118 (9th Cir.1983) (recognizing the finality of confirmed plans).

claim.[13] The Fifth Circuit's holding in *Howard* is inapplicable here for at least three reasons. First, it is at least implicitly rejected by the analysis in *Pardee*, and *Pardee* establishes the law in this circuit. Second, the debtor here in fact did object to Irwin's secured claim, so even if *Howard* were the law it would seem to permit the lien stripping on these facts. Finally, *Howard* seems to confuse two or perhaps three [14] entirely different processes in a bankruptcy case. Claim allowance is one process that may result in a determination of whether a claim is wholly secured, partially secured or wholly unsecured. Bankruptcy Rule 3012 provides this procedure as part of the claim allowance process. But claim allowance is entirely distinct from confirmation of a plan that determines how an allowed claim is to be treated. For example, Code § 1325(5)(A) provides that even if a claim is wholly secured (which might have been determined in the claims allowance process), it can be treated in any fashion if the secured creditor "has accepted the plan." At minimum, this makes clear that acceptance of treatment is distinct from allowance of a claim. In

effect, the Fifth Circuit's *Howard* rule engrafts an additional procedure and an additional requirement that simply does not exist in § 1325(5)(A)—that there have been an objection to the claim (and perhaps even a ruling on the objection favorable to the debtor). Similarly, it confuses two different kinds of orders a bankruptcy court may enter: an order allowing or disallowing a claim under § 502, and an order confirming a plan that is binding on all creditors pursuant to § 1327(a).

▮ We disagree with the Fifth Circuit that a debtor must file an objection to a creditor's claim before a confirmed plan will be given res judicata effect. The plain language of §§ 1325(a)(5)(A) and 1327(a) simply do not support engrafting an additional requirement of a claim objection. And because there is no ballot for acceptance of a Chapter 13 plan and no Rule defining the method of acceptance as there is for acceptance of a Chapter 11 plan,[15] a failure to object after receipt of adequate notice must be regarded as acceptance of a Chapter 13 Plan for purposes of § 1325(a)(5)(A).[16]

13. *Sun Finance Company, Inc. v. Howard (In the Matter of Howard)*, 972 F.2d 639 (5th Cir.1992); *See also Simmons v. Savell (In re Simmons)*, 765 F.2d 547 (5th Cir.1985) (holding that §§ 1325(a)(5) and 506(a) require that a party disputing a secured creditor's claim file an objection to the claim because the mere confirmation of a plan cannot reduce the claim); *In re Guidry*, 350 B.R. 661 (Bankr.E.D.La.2006) (confirmation of a plan that reduces or eliminates a secured creditor's claim will not be given res judicata effect unless the debtor objected to the claim prior to confirmation).

14. The third process that *Howard* conflates is consummation of the plan, entry of discharge pursuant to Code § 1328(a), and the effect of such discharge on all unsecured debts pursuant to § 1328(c).

15. *See* Code § 1126 and Bankruptcy Rule 3018.

16. *Andrews v. Loheit (In re Andrews)*, 49 F.3d 1404, 1409 (9th Cir.1995)("Here, § 1325(a)(5) is fulfilled because subsection (A) was satisfied when the holders of the secured claims failed to object. In most instances, failure to object translates into acceptance of the plan by the secured creditor."); *In re Brown*, 108 B.R. 738, 740 (Bankr.C.D.Cal.1989)("creditors who do not object to confirmation of a Chapter 13 plan, have accepted it"). But because there is a ballot procedure and a Rule defining acceptance for Chapter 11 plans, a failure to submit a ballot or to object is not regarded as acceptance of a Chapter 11 plan in the Ninth Circuit. *In re M. Long Arabians*, 103 B.R. 211 (9th Cir. BAP 1989); *contra, In re Ruti–Sweetwater*, 836 F.2d 1263 (10th Cir.1988).

## Conclusion

A wholly unsecured second lien on a debtor's principal residence may be modified pursuant to § 1322(b)(2). Such a claim is unsecured and may be discharged pursuant to § 1328(a). In addition, a Chapter 13 plan that provides for the avoidance of a wholly unsecured lien has res judicata effect and is binding on all creditors. Objection to a claim is not a prerequisite for either modification by a plan or the binding effect of confirmation. Moreover, the failure of a creditor to object to a Chapter 13 plan constitutes acceptance, and § 1327(a) makes the confirmed plan binding on such creditor.

For these reasons, this Court grants the Debtor's motion to avoid the wholly unsecured second lien on the Debtor's residential property, and will enter a separate final judgment accordingly.