## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: February 11, 2009)                    (Decided: March 11, 2009)

Docket No. 08-2355-bk


IN RE: DOUGLAS J. OVERBAUGH, ET AL.
          *Debtor*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DOUGLAS J. OVERBAUGH, DANIELLE BADAMO-OVERBAUGH,

          *Plaintiffs-Appellants*,

          v.

HOUSEHOLD BANK N.A., also known as HSBC BANK NEVADA, N.A.,

          *Defendant-Appellee*,

ANDREA E. CELLI, CHAPTER 13 TRUSTEE,

          *Trustee.*


Before: CABRANES and WESLEY, *Circuit Judges*, and KORMAN, *District Judge.**

Plaintiffs appeal an April 7, 2008 judgment of the United States District Court for the

Northern District of New York (David N. Hurd, *Judge*), affirming an April 19, 2007 Order of the

United States Bankruptcy Court for the Northern District of New York (Robert E. Littlefield, Jr.,

*Chief Bankruptcy Judge*), which denied plaintiffs' motion to reclassify one of defendant's claims from

---

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

secured to unsecured. On appeal, plaintiffs argue that their motion to reclassify should have been granted because the Trustee, who timely opposed their motion, lacks standing to object to a motion to reclassify a claim. Plaintiffs further argue that defendant did not have a perfected purchase money security interest in any goods of plaintiffs that would give rise to a secured claim. We conclude that plaintiffs' arguments are without merit, and we hold that a Chapter 13 trustee, who is charged with assuring that claims are properly disbursed, *see* 11 U.S.C. §1302(b)(3), has standing to object to a motion to reclassify a claim.

Affirmed.

> RICHARD CROAK, Albany, NY, *for Plaintiffs-Appellants Douglas J. Overbaugh and Danielle Badamo-Overbaugh.*
>
> JEFFREY JOHNSTONE, Harris, Chesworth, O'Brien, Johnstone, Welch & Leone, LLP, Rochester, NY, *for Defendant-Appellee Household Bank N.A.*
>
> BONNIE BAKER (Diane Davis, *on the brief*), Albany, NY, *for Andrea E. Celli, Chapter 13 Standing Trustee.*

PER CURIAM:

Plaintiffs-appellants Douglas J. Overbaugh and Danielle Badamo-Overbaugh (jointly, "plaintiffs") appeal an April 7, 2008 judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*), affirming an April 19, 2007 Order of the United States Bankruptcy Court for the Northern District of New York (Robert E. Littlefield, Jr., *Chief Bankruptcy Judge)*, which denied plaintiffs' motion to reclassify a claim of defendant-appellee Household Bank

N.A. ("defendant" or "Household") from secured to unsecured.[1] On appeal, plaintiffs argue that their motion to reclassify should have been granted because the Trustee, who timely opposed their motion, lacked standing to object to a motion to reclassify a claim. Plaintiffs further argue that Household did not have a perfected purchase money security interest in any of plaintiffs' goods that would give rise to a secured claim. We conclude that plaintiffs' arguments are without merit, and we write principally for the purpose of clarifying that a Chapter 13 trustee—who is charged with assuring that claims are properly disbursed, *see* 11 U.S.C. §1302(b)(3)[2]—has standing to object to a motion to reclassify a claim.

## BACKGROUND

On August 23, 2003, Douglas J. Overbaugh ("Overbaugh") applied for and received a "Good Times Card" credit card account with Household. The credit card application signed by Overbaugh was attached to a "Cardholder Agreement and Disclosure Statement," J.A. at 20-24, which states:

> Except as indicated below, you grant us a purchase money security interest in the goods purchased with your Card. . . . Goods covered by a security interest may be taken from you if you do not pay on time. . . . We take no security interest in goods where the original purchase price is less than $200 if you live in New York . . . .

*Id.* at 22.

On August 26, 2003, Overbaugh purchased a 2003 Kawasaki "All-Terrain Vehicle" ("ATV") with his Good Times Card. The purchase agreement for the ATV, which Overbaugh signed, stated that the "[c]ardholder . . . promises to pay the [u]npaid [b]alance plus any [f]inance [c]harges and

---

[1] A "secured claim" is "[a] claim held by a creditor who has a lien or a right of setoff against the debtor's property." *Black's Law Dictionary* 265 (8th ed. 2004). Conversely, an "unsecured claim" is "[a] claim by a creditor who does not have a lien or a right of setoff against the debtor's property." *Id.*

[2] This provision states, in relevant part, that "[t]he trustee shall . . . dispose of . . . moneys received or to be received in a case under chapter XIII of the Bankruptcy Act." 11 U.S.C. §1302(b)(3).

3

fees due in accordance with the terms of the Cardholder Agreement and Disclosure Statement." *Id.* at 17.

On February 27, 2005, plaintiffs filed a Chapter 13 bankruptcy petition. On June 13, 2005, a proof of claim was filed on behalf of Household in the amount of $11,761.75, comprising an unsecured claim of $7,126.75 and a secured claim—arising from Overbaugh's purchase of the ATV—of $4,635.00. Three months later, on September 27, 2005, Chief Judge Littlefield entered an order confirming a Chapter 13 plan for plaintiffs. Andrea Celli (the "Trustee") subsequently filed a notice of claim, which included both the unsecured and secured claims of Household arising from the purchases Overbaugh made with his Good Times Card.

On October 13, 2006, plaintiffs moved to have Household's $4,635.00 secured claim reclassified as an unsecured claim. Specifically, plaintiffs claimed that "[t]he documents attached to the Proof of Claim do not evidence a properly perfected security interest in the 2003 Kawasaki ATV that is alleged to secure Household's claim" because "it is not clear whether Household would even have [a] purchase money security interest in the collateral." Mot. to Reclassify Claim, No. 05-11171-1-rel, doc. 19, at 1, Oct. 13, 2006. Accordingly, plaintiffs argued that "Household's entire claim must be reclassified as unsecured in this case" and, in addition, requested attorney's fees. *Id.*

On October 20, 2006, the Trustee objected to plaintiffs' motion to reclassify Household's secured claim, arguing that "attached to the Proof of Claim is an Application signed by the debtor Douglas J. Overbaugh on August 23, 2003 which grants Household a purchase money security interest in the goods purchased," and, as a result, "[t]he Trustee must object on the basis that she cannot ascertain the legal basis for said relief." Trustee's Objection to Debtors' Mot. to Reclassify Claim, No. 05-11171-1-rel, doc. 21, at 1, Oct. 20, 2006. Approximately two months later, Household opposed the reclassification, arguing that it held a valid and enforceable purchase money

4

security interest in Overbaugh's ATV.

In response, plaintiffs challenged the Trustee's standing to oppose reclassification on the ground that the Trustee's role is to protect unsecured creditors, not secured creditors. Plaintiffs further argued that, because the Trustee lacked standing, Household was the only party that could object to the reclassification motion. In light of the fact that Household did not object promptly after plaintiffs had filed their motion, plaintiffs claimed that Household's objection was untimely and should not be considered. Accordingly, plaintiffs argued that there were no valid objections to their motion, and that the motion should be granted.

In a ruling from the bench on March 1, 2007, Chief Judge Littlefield denied plaintiffs' motion to reclassify Household's secured claim. Beginning with the question of whether a trustee has standing to object to the reclassification of a claim, Chief Judge Littlefield reasoned that "[w]hile the Trustee represents the interest of unsecured creditors, she also has a duty to all creditors that claims are disbursed properly by her office. To that end[,] the Trustee needs to have a level of comfort that the secured claims she pays are, in fact, secured." Tr. of Proceedings, Mar. 1, 2007, at 10:14-20. He then observed that Rule 3007 of the Federal Rules of Bankruptcy Procedure requires that an objection to the allowance of a claim be filed in writing, and that a copy of the objection with notice of a hearing regarding the objection shall be sent to the claimant, the debtor, and the Trustee. From these requirements, Chief Judge Littlefield concluded that, "[i]f the Trustee had no standing to oppose or support an objection[,] . . . service upon the Trustee would not be necessary." *Id.* at 11:4-7. Accordingly, he concluded that a trustee does have standing to object to the reclassification of a claim.

Turning to the question of whether Household had a perfected purchase money security interest in the ATV, Chief Judge Littlefield noted that "while the extent of a bankruptcy Debtor's

5

estate is determined under Federal Law, property interests are defined by State Law." *Id.* at 11:8-11. After finding that the law governing the perfection of a security interest is the law of the jurisdiction of the debtor's location, he concluded that "New York [l]aw applies to determine whether Household holds [a] valid lien[ ] against the Debtor's ATV[ ]." *Id.* at 11:16-18. Chief Judge Littlefield then noted that there was a question as to whether New York's Retail Installment Sales Act ("RISA") applied to the financing at issue, but determined that "nothing in RISA sets forth any special requirements . . . for any grant of a lien that is permitted as to a retail installment credit agreement. . . . A lender is therefore free to look exclusively to the New York [Uniform Commercial Code ("UCC")] for the taking and perfection of a lien." *Id.* at 11:20-12:2. He then determined that under New York's UCC, Household had perfected a purchase money security interest in the ATV.

Having determined that the Trustee had standing to object to plaintiffs' reclassification motion and that Household had a security interest in the ATV, Chief Judge Littlefield denied plaintiffs' motion to reclassify the claim. That ruling was memorialized in a written Order entered on April 19, 2007. *See* Order, No. 05-11171-1-rel, doc 33, Apr. 19, 2007.

Plaintiffs filed a timely appeal to the District Court. On April 7, 2008, the District Court entered a Memorandum-Decision and Order, affirming the March 1, 2007 oral ruling and the April 19, 2007 Order of the Bankruptcy Court. Considering first the question of the Trustee's standing, the District Court stated:

> A trustee has the duty to account for all property of the bankruptcy estate and to disburse payments to creditors under the debtor's plan. *See* 11 U.S.C. §§ 704, 1302(b). In order to properly disburse all claims, a trustee must assure that claims are properly entered as secured, priority, or unsecured. *See id.* § 1302(b)(3). It follows that in order to make proper disbursements, the trustee must in some way object if a claim is misclassified. Accordingly, a trustee, in order to carry out her duties, has authority not only to move for reclassification of claims, but also to oppose reclassification if it would result in misclassification.

J.A. 8-9. Based on this reasoning, the District Court concluded that a trustee has standing to object

to a motion by a debtor to reclassify a creditor's claim.

With respect to plaintiffs' argument regarding the nature of Household's interest in the ATV, the District Court agreed with the Bankruptcy Court that New York's UCC was the applicable law. Like the Bankruptcy Court, the District Court determined that under New York's UCC, Household had a perfected purchase money security interest in plaintiffs' ATV. As the District Court reasoned:

> Under New York law, [purchase money security interests] in consumer goods are perfected when they attach . . . A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral. The security interest becomes enforceable against the debtor when (1) value has been given; (2) the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and, as applicable here, (3) the debtor authenticates a security agreement that describes the collateral. . . .
>
> [T]he ATV[ ] at issue . . . [is a] "consumer good[ ]." Household provided the purchase price (value given) to the debtors, and the debtors acquired the ATV[ ]. . . . The sales and disclosure agreements granted Household a purchase money security interest in goods purchased with The Good Times Card. Thus, all the requirements of [the relevant provision of New York's UCC] were met, and Household's security interest [ ] became enforceable at the time[ ] of purchase. When the [purchase money security interest] became enforceable[,] [it] attached to the collateral, the ATV[ ], and [was] automatically perfected.

*Id.* at 9-10 (internal citations and quotation marks omitted). Like the Bankruptcy Court, the District Court concluded that the purchase money security interest was perfected, whether or not RISA was applicable. Accordingly, it concluded that plaintiffs' motion to reclassify Household's claim was properly denied.

Plaintiffs filed a timely notice of appeal.

## DISCUSSION

When considering "an appeal from a district court's review of a bankruptcy court's decision, we conduct an independent examination of the bankruptcy court's decision." *In re Flanagan*, 503 F.3d 171, 179 (2d Cir. 2007) (citing *In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007)). We

7

review the bankruptcy court's factual findings for clear error, and its legal conclusions *de novo*. *Id.*

The question of whether a Chapter 13 trustee has standing to object to a motion to reclassify a claim is a question of law and a matter of first impression for our Court. We agree fully with the determination of the bankruptcy judge and the District Court that, in light of the statutory requirement that a trustee properly disburse all claims, *see* 11 U.S.C § 1302(b)(3), a trustee has standing to object to the motion of a debtor to reclassify a secured creditor's claims. Because a trustee must be able to verify that secured claims are, in fact, secured, it necessarily follows that a trustee has standing to object when a debtor attempts to reclassify a secured claim as an unsecured claim. In reaching this result, we join two other circuits that have concluded, when considering similar challenges to the authority of a Chapter 13 trustee, that "the primary purpose of the Chapter 13 trustee is not just to serve the interests of the unsecured creditors, but rather, to serve the interests of all creditors." *In re Andrews*, 49 F.3d 1404, 1407 (9th Cir. 1995) (citing *In re Maddox*, 15 F.3d 1347, 1355 (5th Cir. 1994) ("[T]he [C]hapter 13 trustee serves the interests of all creditors . . . .")).

In addition, we agree with the commonsensical observation of the bankruptcy judge that Rule 3007 of the Federal Rules of Bankruptcy Procedure supports this conclusion; it would make little sense to require parties to notify a trustee that they objected to a claim if the trustee did not have standing to oppose or support that objection. For these reasons, we agree with both the bankruptcy judge and the District Court that the Trustee in this case had standing to object to plaintiffs' motion to reclassify Household's secured claim.

We also conclude, substantially for the reasons stated by the Bankruptcy Court in its March 1, 2007 ruling and the District Court in its April 7, 2008 Memorandum-Decision and Order, that New York's UCC governs the question of whether Household actually perfected the necessary

8

interest in the ATV.  Furthermore, and substantially for the reasons stated by the Bankruptcy Court and the District Court, regardless of whether RISA applies, Household had perfected a purchase money security interest in the ATV pursuant to the terms of New York's UCC, and accordingly, plaintiffs' motion to reclassify Household's secured claim was properly denied.

## CONCLUSION

For the reasons stated above, the judgment of the District Court is affirmed.