NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | ) BAP No. OR-11-1448-PaJuKu |
| | ) |
| DAVID REED and REBECCA REED, | ) Bankr. No. 10-38478-elp13 |
| | ) |
| Debtors. | ) |
| _____ | ) |
| | ) |
| WAYNE GODARE, Chapter 13 Trustee, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| DAVID REED; REBECCA REED; | ) |
| UNITED STATES TRUSTEE, PORTLAND,[2] | ) |
| | ) |
| Appellees. | ) |
| _____ | ) |

Submitted Without Oral Argument[3]
on March 11, 2014

Filed - March 11, 2014

Appeal from the United States Bankruptcy Court
for the District of Oregon

Honorable Elizabeth L. Perris, Bankruptcy Judge, Presiding

Appearances:    Appellant Wayne Godare, Chapter 13 Trustee, pro se on brief; Brian D. Turner of Turner Uhlemann PC on brief for Appellees David Reed and Rebecca Reed.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] The United States Trustee did not participate in this appeal.

[3] After examination of the briefs and record, and after notice to the parties, the Panel unanimously determined that oral argument was not needed for this appeal in an order entered October 21, 2013. See Fed. R. Bankr. P. 8012; 9th Cir. BAP Rule 8012-1.

-1-

Before: PAPPAS, JURY and KURTZ, Bankruptcy Judges.

Appellant, Chapter 13[4] Trustee Wayne Godare ("Trustee"), appeals the order of the bankruptcy court confirming the chapter 13 plan of Appellees, Debtors David and Rebecca Reed ("Debtors"). Because, in making its decision to confirm Debtors' plan, the bankruptcy court relied on the Ninth Circuit's decision in <u>Maney v. Kagenveama (In re Kagenveama)</u>, 541 F.3d 868 (9th Cir. 2008), and because the rule of law announced in <u>In re Kagenveama</u> has since been overruled by the Ninth Circuit sitting in <u>Danielson v. Flores (In re Flores)</u>, 735 F.3d 855 (9th Cir. 2013) (en banc) ("<u>Flores II</u>"), we VACATE the bankruptcy court's order and REMAND this matter for further proceedings.

## PROCEDURAL HISTORY[5]

In an extensive amended memorandum opinion (the "Memorandum Opinion") entered on August 9, 2011, the bankruptcy court decided that Debtors' chapter 13 plan should be confirmed, and that Trustee's objection to confirmation should be overruled. ER at 106-28. In particular, the bankruptcy court found that Debtors were above-median income debtors for purposes of § 1325(b)(4), but that they had negative disposable income per § 1325(b)(2)-(3) and line 59 of Form B22C. Therefore, based on the rule announced in <u>In re Kagenveama</u>, the court held that Debtors were not required to

---

[4] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[5] As discussed below, this appeal is resolved on a question of law. Therefore, a full recitation of the facts, which are well known to the parties, is unnecessary.

propose a five-year plan, as Trustee argued they must, and instead confirmed Debtors' chapter 13 plan, which was to be completed in forty-three months. Memorandum Opinion at 22, ER at 127. In the Memorandum Opinion, the bankruptcy court explained how it had calculated Debtors' projected disposable income[6] and concluded it was bound by In re Kagenveama concerning its determination of the applicable commitment period in Debtors' case stating, "I conclude that the Supreme Court's decisions [of Hamilton v. Lanning, 560 U.S. 505 (2010) and Ransom v. FIA Card Servs., N.A., 131 S. Ct. 716 (2011)] did not effectively overrule [In re] Kagenveama's holding regarding applicable commitment period. Therefore, I am bound to follow that holding." Memorandum Opinion at 22, ER at 127.

Trustee filed a timely notice of appeal on August 17, 2011. ER at 129. Trustee then filed a motion before this Panel to suspend briefing in the appeal because a pending, related appeal to the Ninth Circuit in Danielson v. Flores (In re Flores) might yield a decision impacting the issues in this case. See Motion to Suspend the Briefing Schedule, BAP dkt. 4. The Panel granted Trustee's motion, extended the briefing deadlines, and ordered the parties to file supplemental briefing once Flores was decided. BAP dkt. 5.

On August 31, 2012, a three-judge panel of the Ninth Circuit decided the Flores appeal and determined that the court's decision

---

[6] The bankruptcy court's calculation of Debtors' projected disposable income in the Amended Memorandum Opinion was not challenged on appeal by Trustee. See Trustee's Op. Br. at 6 (stating the issue of the appeal was limited to the bankruptcy court's determination on the applicable commitment period).

-3-

in In re Kagenveama was controlling. Danielson v. Flores (In re Flores), 692 F.3d 1021 (9th Cir. 2012) ("Flores I"). However, on December 19, 2012, the Ninth Circuit granted rehearing en banc. 704 F.3d 1067 (9th Cir. 2012). Sitting en banc, the court then reversed course, determined In re Kagenveama and Flores I had been wrongly decided, and held that the applicable commitment period is a "temporal" requirement, and that, under § 1325(b)(1)(B), a bankruptcy court may confirm a plan "only if the plan's duration is at least as long as the applicable commitment period provided by § 1325(b)(4)." Flores II, 735 F.3d at 862. Under § 1325(b)(4)(A)(ii), the applicable commitment period for above-median income debtors is "not less than 5 years".

Given the decision in Flores II, the appeal is now ripe for disposition.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(L). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court erred in confirming Debtors' chapter 13 plan by applying a rule of law that has been overruled.

**STANDARD OF REVIEW**

"Whether a chapter 13 plan should be confirmed involves mixed questions of fact and law, where factual determinations are reviewed under the clearly erroneous standard, and determinations of law are reviewed de novo." Meyer v. Lepe (In re Lepe), 470 B.R. 851, 855 (9th Cir. BAP 2012) (citing Andrews v. Loheit (In re Andrews), 155 B.R. 769, 770 (9th Cir. BAP 1993)). A bankruptcy court's interpretation of the Bankruptcy Code is

-4-

reviewed de novo. <u>Flores II</u>, 735 F.3d at 856 n.4 (citing <u>Samson v. W. Capital Partners, LLC (In re Blixseth)</u>, 684 F.3d 865, 869 (9th Cir. 2012)).

## DISCUSSION

No extensive analysis of the issue on appeal is necessary. Because <u>Flores II</u> overruled <u>In re Kagenveama</u> on the applicable commitment period issue, and because the bankruptcy court relied on <u>In re Kagenveama</u> in determining the applicable commitment period in Debtors' case, the bankruptcy court applied an incorrect rule of law in deciding that Debtors' plan should be confirmed. We must therefore vacate the bankruptcy court's order confirming the Debtors' chapter 13 plan and remand this case to the bankruptcy court for further proceedings in light of <u>Flores II</u>. <u>See</u> <u>Mele v. Mele (In re Mele)</u>, 501 B.R. 357, 364 (9th Cir. BAP 2013) (deciding that vacating and remanding to the bankruptcy court was required when, during the appeal, the rule of law applied by the bankruptcy court was superseded or overruled).

## CONCLUSION

For the reasons set forth above, we VACATE the bankruptcy court's order confirming Debtors' chapter 13 plan and REMAND this case to the bankruptcy court for further proceedings in light of <u>Flores II</u>.