**In re DEICO ELECTRONICS, INC., Debtor.**

**PACCOM LEASING CORPORATION, Appellant,**

v.

**DEICO ELECTRONICS, INC., Appellee.**

**BAP No. NC–91–2138–OAsJ. Bankruptcy No. 4–90–05518N3.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 18, 1992.

Decided May 18, 1992.

*Laundry, Inc.,* 755 F.2d 200, 202 n. 2 (1st Cir.    1985).

Anne C. Slater, San Francisco, Cal., for Paccom Leasing Corp.

Janet Nexon, San Francisco, Cal., for Deico Electronics.

Before OLLASON, ASHLAND and JONES, Bankruptcy Judges.

## OPINION

OLLASON, Bankruptcy Judge:

The bankruptcy court ordered adequate protection payments commencing after the date urged by Appellant Paccom Leasing Corporation ("Paccom"). Paccom appealed and we affirm.

## FACTS

Paccom twice requested relief from stay or adequate protection concerning equipment used by the debtor and necessary for its reorganization. The bankruptcy court ordered adequate protection payments of $5,000 per month pursuant to the second motion. That motion was filed on July 22, 1991, and heard on August 22, 1991. The order was filed in bankruptcy court on October 22, 1991. It provided that the first adequate protection payment was due on September 22, 1991, notwithstanding Paccom's assertion that it was entitled to adequate protection from the petition date nine months earlier, or from the date of its first request, or from the date of its second request. Debtor conceded below that adequate protection could be ordered from the latter date, which was the filing date of the motion that was ultimately granted. Paccom brought this timely appeal to determine when it became entitled to adequate protection payments.

## QUESTIONS PRESENTED AND STANDARD OF REVIEW

The question presented for our review concerns the appropriate "begin" date for adequate protection payments contemplated by the bankruptcy code and ordered by the bankruptcy court. The construction and interpretation of the Code is a question of law subject to *de novo* review. *In re Itule*, 114 B.R. 206, 209 (9th Cir.BAP 1990).

## DISCUSSION

*In re Craddock–Terry Shoe Corp.*, 98 B.R. 250, 255 (Bankr.W.D.Va.1988) held that a creditor was entitled to adequate protection from the date of the debtor's petition. *Accord, In re Ritz–Carlton of D.C., Inc.*, 98 B.R. 170, 173 (S.D.N.Y.1989). *Ritz–Carlton* nevertheless cautioned that adequate protection should not run from a date earlier than when debtor could reasonably anticipate that it would be required. Collier maintains that "[i]n the case of an

adequate protection valuation, the determinative date should be when the protection was first sought." 3 *Collier on Bankruptcy* ¶ 506.04[2] at pp. 506–38 (15th ed. 1992).

The bankruptcy code does not specifically provide for a date upon which adequate protection payments should commence, but the purpose of adequate protection lends assistance to that inquiry. In *United Savings Association v. Timbers of Inwood Forest*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), the Supreme Court held that undersecured creditors are entitled to adequate protection to compensate them for the depreciation in their collateral. Adequate protection prevents creditors from becoming more undersecured because of the delay that bankruptcy works on the exercise of their state law remedies.

■ Accordingly, adequate protection analysis requires the bankruptcy court to first determine when the creditor would have obtained its state law remedies had bankruptcy not intervened. Presumably, that will be after the creditor first seeks relief. The court must then determine the value of the collateral as of that date. This is consistent with Collier's admonition that value should be determined as of when the protection is sought.

■ The amount by which the collateral depreciates from that valuation is the amount of protection adequate to compensate the creditor for the loss occasioned by bankruptcy. But collateral may not always depreciate according to a precise monthly schedule. Moreover, requiring a lump sum of past due protection could suffocate a debtor otherwise able to reorganize.

■ Therefore, while the amount of adequate protection to which an undersecured creditor is entitled is equal to the amount of depreciation its collateral suffers after it would have exercised its state law remedies, neither that determination nor the schedule for its tender are appropriate for application of a rigid formula. Instead, the bankruptcy court must have discretion to fix any initial lump sum amount, the amount payable periodically, the frequency of payments, and the beginning date, all as dictated by the circumstances of the case and the sound exercise of that discretion.

■ It is not clear from the record before us whether the bankruptcy court applied this standard in fashioning its order for adequate protection payments. Nor is it clear that the order appealed did not provide the proper amount of protection. Remand is unnecessary, however, because both debtor and creditor are entitled to show circumstances indicating that a previous adequate protection order does not accurately reflect the collateral's depreciation. Paccom can obtain the same relief a remand would occasion by presenting those circumstances to the bankruptcy court.

## CONCLUSION

Adequate protection payments compensate undersecured creditors for the delay bankruptcy imposes upon the exercise of their state law remedies. Although the bankruptcy code and *Timbers* mandate that adequate protection payments be equivalent to the depreciation, no strict rule applies to the amount, frequency, or commencement of those payments.

Because continuing collateral depreciation may not be susceptible of a precise determination, neither creditor nor debtor are precluded from showing that adequate protection payments have proven insufficient or excessive. Remand would occasion no greater remedy. Accordingly, we affirm the judgment below.