996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re ACEQUIA, INC., an Idaho Corporation, Debtor.
Vernon B. CLINTON, Appellant,
and
Rosemary Haley, Debtor-in-possession,
v.
ACEQUIA, INC., an Idaho Corp. and Prudential Insurance Co.
 No. 91-36176.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1993.*
Decided June 21, 1993.
 
 Before WRIGHT, FARRIS and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vernon B. Clinton ("Clinton") appeals the district court's affirmance of a bankruptcy court denial of his motion to terminate Acequia, Inc.'s Chapter 11 Second Amended Plan of Reorganization ("the Plan"). Clinton argues that the Plan has been impermissibly modified in violation of 11 U.S.C. § 1127 and, in the alternative, that an extension of the Plan constitutes a novation which nullifies the Plan. We affirm.
 
 I. FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 Acequia, Inc., the debtor, was formed in 1974 as a family business. As part of divorce proceedings in 1981, Clinton and Rosemary Haley equally divided the stock in the corporation. In 1982, however, Acequia filed for Chapter 11 bankruptcy, and, in 1984, the plan of reorganization was confirmed by the bankruptcy court in Idaho.[1] Under the Plan, Acequia was to pay $200,000 to Prudential Insurance Co. ("Prudential"), by far its largest creditor, and to issue an amended note to Prudential in the amount of $4,578,395.26 in replacement of an existing promissory note.
 
 
 4
 In 1987, Acequia initiated a state court action against Prudential over a dispute about the terms of the amended note. Prudential counter-claimed and named Clinton as a third-party defendant in the action, as a signatory to the original note between the parties. Two years later, Acequia and Prudential executed a settlement agreement which, among other things, disposed of their claims against each other, provided for a capital contribution of more than $1 million from Prudential to Acequia, and restructured the amended note to include an extension of the maturity date until 1997. In addition, Prudential released Clinton from any liability for the state claims.
 
 
 5
 A few months after the settlement agreement was executed, Clinton filed a motion to terminate Acequia's reorganization plan in Idaho bankruptcy court. The court denied the motion, finding that "the Chapter 11 plan is still basically being performed according to its original terms, despite the non-court authorized modification." Clinton appealed. After hearing oral argument, the district court affirmed the bankruptcy court and later denied Clinton's motion for reconsideration. Clinton timely appealed to this court. We have jurisdiction under 28 U.S.C. § 158(d).[2]
 
 II. DISCUSSION
 A. Standard of Review
 
 6
 "Because we are in as good a position as the district court to review the findings of the bankruptcy court, we independently review the bankruptcy court's decision." In re Marquam Invest. Corp., 942 F.2d 1462, 1465 (9th Cir.1991) (quoting Matter of Pizza of Hawaii, Inc., 761 F.2d 1374, 1377 (9th Cir.1985)). We review the bankruptcy court's findings of fact for clear error, and its legal conclusions de novo. Ibid.
 
 
 7
 Whether or not the settlement agreement constitutes a "modification" under § 1127 involves interpretation of the Bankruptcy Code and so presents a legal question. In re Deico Electronics, Inc., 139 B.R. 945 (Bank. 9th Cir.1992). Whether or not a novation occurred depends on the parties' intent and, as such, is a factual question. Matter of Taylor, 913 F.2d 102, 106 (3rd Cir.1990); In re Adeeb, 787 F.2d 1339, 1342 (9th Cir.1986) (debtor's intent is a factual question).
 
 B. Impermissible Modification Claim
 
 8
 Clinton first claims that the second amended note, executed pursuant to the settlement agreement between Acequia and Prudential, constitutes modification of the Plan in contravention of § 1127 of the Bankruptcy Code.[3] The bankruptcy court found that the note constituted a modification, but that it was one which furthered implementation of the Plan. The district court concluded that the amended note and extension of the Plan by five years to allow for repayment did not constitute a "modification" within the meaning of § 1127.
 
 
 9
 Because our reasoning tracks that of the district court, we quote it at some length here:
 
 
 10
 The Plan anticipated the execution of an Amended Note to Prudential with an eight year maturity date.... What the Plan did not anticipate was a five-year delay in the execution of the Amended Note. This delay was due to the State Court litigation between the parties.... The Settlement Agreement was the culmination of negotiations between the parties to terminate the State Court litigation and continue the consummation of the Plan....
 
 
 11
 As a result of the delay in execution, the Amended Note extends the Plan five years. This extension of the Plan is the core of Clinton's argument that there was a modification which did not comply with § 1127. The Court finds, however, that the Amended Note is of the same duration as called for in the Plan, and that since its creation was anticipated in the Plan, it does not alter any material terms of the Plan and is not subject to the provisions of § 1127.
 
 
 12
 Order, April 5, 1991 (emphasis added). Essentially, the district court found that the extension of the maturity date for the amended note was the only way to implement the Plan as the parties had initially conceived of it at confirmation.
 
 
 13
 Although the term "modification" is not defined in § 1127 or elsewhere in the Code, the authors of the Code clearly contemplated changes to plans for reorganization which did not rise to the level of "modification." Sections 1123 and 1142 relate directly to the court's power to make such changes outside the parameters of § 1127. Section 1123(a)(5) directs the bankruptcy court to "provide adequate means for the plan's implementation, such as ... extension of the maturity date or a change in an interest rate or other term of outstanding securities...." 11 U.S.C. § 1123 (emphasis added). According to § 1142(b), "the court may direct the debtor and any other necessary party ... to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan." 11 U.S.C. § 1142 (emphasis added).
 
 
 14
 Although, in the case at bar, the court did not approve of the settlement agreement which resulted in the amended note prior to the parties' signing it, upon Clinton's objection, the court did review the agreement and conclude that the extension of the maturity note was necessary to effectuate the Plan. In cases similar to the one at bar, the courts have distinguished § 1127 modifications from changes which only incidentally affect the reorganization plan or which seek to implement fully its provisions. See In re Water Gap Village, 99 Bankr. 226 (Bankr.N.J.1989) (holding that unanticipated sale of the property was not a "modification" under § 1127, but was an "implementation" under § 1142); United States v. APT Industries, 128 Bankr. 145 (W.D.N.C.1991) (holding that a post-confirmation specification of the manner of payment to a creditor "did not change any material terms of the plan, but instead clarified the plan where previously it had been silent").
 
 
 15
 There was not a "modification" under § 1127 in this case. The extension of the Plan by five years is consistent with the Plan and, in fact, necessary to implement fully Acequia's Chapter 11 reorganization. Given the impossibility of anticipating the initiation and the duration of the state court litigation, consummation of the reorganization plan depended on its being extended until 1997. As such, it does not implicate § 1127 and is fully consistent with the Bankruptcy Code as a whole.[4]
 
 C. Novation Claim
 
 16
 In the alternative to his § 1127 claim, Clinton argues that the settlement agreement constitutes a novation--a new contract between the debtor and creditor which nullifies the old agreement, the reorganization plan. In determining whether or not a novation has occurred, the key inquiry is into the parties' intent. Taylor, 913 F.2d at 106. The bankruptcy court found that Acequia and Prudential, in executing the amended note and extending its maturity date to 1997, did not intend to alter substantially their agreement as laid out in the Plan. On the contrary, the court found that they intended that the Plan "still basically [be] performed according to its original terms." We agree with the district court that the record supports this finding, and, thus, that it is not clearly erroneous.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For details about the Plan, refer to this court's prior decision involving this debtor. See In re Acequia, Inc., 787 F.2d 1352, 1355-1357 (9th Cir.1986) (upholding bankruptcy court's confirmation of the reorganization plan against Clinton's appeal)
 
 
 [2]
 Section 158(d) provides, in part, that "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees ..." of the bankruptcy court. Acequia and Prudential argue that the bankruptcy court's denial of Clinton's motion to terminate the Plan was not a final order, and, therefore, that we do not have jurisdiction over this appeal
 We disagree. This court has adopted a pragmatic approach to the issue of finality in the bankruptcy context. In re Rega Properties, Ltd., 894 F.2d 1136, 1138 (9th Cir.1990). Orders which cause irreparable harm to the losing party are immediately appealable. Ibid. In this case, our refusal to reach the merits of Clinton's appeal would result in irreparable harm. In short, this is Clinton's only chance to get relief on his claims.
 
 
 [3]
 Section 1127(b) provides:
 The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.
 11 U.S.C. § 1127.
 
 
 [4]
 Because we find that a § 1127 modification did not occur, we need not discuss whether or not the extension of the Plan meets the requirements of that section